## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**RONALD MILLER,**

          **Plaintiff,**          **CIVIL ACTION NO. 13-cv-11748**

          **v.**          **DISTRICT JUDGE SEAN F. COX**

**COMMISSIONER OF**          **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

          **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Ronald Miller filed this action seeking judicial review of Defendant's decision denying his application for Social Security benefits under 42 U.S.C. § 405(g). (Docket no. 1.) The Sixth Circuit Court of Appeals ordered that the matter be remanded to Defendant for further administrative proceedings. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825 (6th Cir. 2016). Before the Court are Plaintiff's Motions for Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act (EAJA). (Docket nos. 34, 42.) Defendant responded to Plaintiff's Motions (docket nos. 40, 46), and Plaintiff replied to Defendant's Responses (docket nos. 41, 47). Also before the Court is Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b). (Docket no. 43.) Defendant did not respond to this Motion, and the time for doing so has passed. The Motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket nos. 35, 44.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I.      RECOMMENDATION

For the reasons that follow, it is recommended that (1) Plaintiff's first Motion for Attorney Fees and Expenses Pursuant to the EAJA (docket no. 34) be **GRANTED IN PART** and that Plaintiff be awarded $14,946.00 in attorney fees and expenses; (2) Plaintiff's second Motion for Attorney Fees and Expenses Pursuant to the EAJA (docket no. 42) be **DENIED**; and (3) Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (docket no. 43) be **GRANTED IN PART** and that Plaintiff's attorney be awarded $20,342.44 in attorney fees.

## II.     REPORT

### A.      Procedural History

Plaintiff protectively filed Title II and Title XVI applications for a period of disability, disability insurance benefits, and supplemental security income on May 1, 2006, alleging disability beginning February 1, 2006, due to "left/leg/knee/foot problems." (TR 201, 326-37 358.)  The Social Security Administration denied Plaintiff's claims on July 22, 2006, and Plaintiff filed a timely request for a *de novo* hearing. (TR 196-97, 222-24.)  On June 6, 2008, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Kathryn D. Burgchardt. (TR 161-94, 209.)  In a December 1, 2008 decision, the ALJ found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy. (TR 201-09.)  The Appeals Council reviewed and vacated ALJ Burgchardt's decision on the basis that the decision did not contain an adequate evaluation of Plaintiff's mental impairments; the ALJ's assessment of Plaintiff's residual functional capacity (RFC) was not consistent with the record evidence and/or made in accordance with the Social Security Regulations; and the decision did not explain how Plaintiff

could perform the jobs set forth by the vocational expert (VE) with the limitations listed in Plaintiff's RFC.  (TR 211-13.)  The Appeals Council remanded Plaintiff's case to an ALJ with instructions to resolve the above-cited issues by obtaining physical and mental consultative examinations for Plaintiff, further develop Plaintiff's vocational abilities, and obtain updated medical records and evidence from a medical expert as appropriate.  (TR 212-13.)

On remand, Plaintiff appeared with a representative and testified at a hearing before ALJ Oksana Xenos on August 10, 2011.  (TR 131-60.)  In a September 7, 2011 decision, ALJ Xenos found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy.  (TR 116-26.)  The Appeals Council declined to review ALJ Xenos's decision (TR 1-7), and Plaintiff filed a timely complaint for judicial review.

Plaintiff then filed a Motion for Summary Judgment (docket no. 15), and Defendant filed a cross-Motion for Summary Judgment (docket no. 20).  On February 17, 2015, the undersigned recommended that Plaintiff's Motion be granted in part, Defendant's Motion be denied, and that the matter be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  (Docket no. 23.)  The District Judge subsequently issued an order on March 24, 2015 adopting in part and rejecting in part the Report and Recommendation, denying Plaintiff's Motion, granting Defendant's Motion, and dismissing Plaintiff's cause of action with prejudice; the Judge also entered a judgment in favor of Defendant.  (Docket nos. 26, 27.)  Plaintiff appealed, and on January 29, 2016, the Sixth Circuit Court of Appeals vacated the judgment of the district court with instructions to remand the matter to the Commissioner for further proceedings.  *Miller*, 811 F.3d 825.  On remand, in a November 15, 2016 decision, ALJ Joy Turner found that Plaintiff had

been under a disability as defined in the Social Security Act since February 1, 2006, the alleged onset date.  (Docket no. 43-2 at 7-13.)

Plaintiff has filed two Motions for Attorney Fees and Expenses, seeking a total of $41,448.11 in fees and $1,468.85 in expenses under the EAJA.  (Docket nos. 34, 42.)  Plaintiff's counsel has also filed a Motion seeking an award of $27,123.25 in attorney fees under 42 U.S.C. § 406(b).  (Docket no. 43.)  These three Motions are currently pending before the court.

**B.**     **Law and Analysis**

*1.*     *EAJA Fees*

The EAJA provides that a court will award attorney fees and expenses to a prevailing party (other than the United States) in any civil action brought against the United States, unless the court finds that the position of the government was substantially justified or that special circumstances exist that would make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  The Act also provides that the attorney fees awarded may not be at a rate of more than $125.00 per hour, unless the court determines that an increase in the cost of living, or some other special factor, justifies a higher fee.  § 2412(d)(2)(A).  The parties do not dispute that Plaintiff filed his first Motion for EAJA fees in a timely manner in accordance with § 2412(d)(1)(B) or that Plaintiff is a prevailing party under § 2412.  *See Shalala v. Schaefer*, 509 U.S. 292, 300-301 (1993). Defendant does contend, however, that the government's position in this matter was substantially justified, that Plaintiff's second Motion for EAJA fees is untimely, and that even if an award of fees is appropriate, Plaintiff's requested fees are excessive.  (Docket nos. 40, 46.)

a.     <u>Whether Defendant's Position was Substantially Justified</u>

The proper standard for determining whether the government's position was substantially justified is "whether the [g]overnment's position was justified, both in fact and in law, to a

4

degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).   The government bears the burden of making such a showing.  *Scarborough v. Principi*, 541 U.S. 401, 416 (2004).  "The fact that th[e] court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified." *Couch v. Sec'y of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984); *see also Anderson v. Comm'r of Soc. Sec.,* No. 98–6284, 1999 WL 1045072, at *5 (6th Cir. Nov. 12, 1999) [198 F.3d 244 (Table)] (unpublished per curium) ("[A]lthough there may be flaws in an ALJ's decision, which require a reversal of the denial of benefits and a remand for further consideration, this does not automatically mean that the Commissioner's decision to defend the ALJ's decision to deny benefits was not 'substantially justified.'").  Likewise, "[w]hile a string of losses or successes may be indicative of whether a position is substantially justified, 'the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified.'"  *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (quoting *Pierce*, 487 U.S. at 569).

In reviewing whether the government's position was substantially justified, the Sixth Circuit has drawn a distinction between cases in which the ALJ's decision was vacated based on a procedural error, *e.g.*, insufficient articulation, and cases in which the ALJ's decision was vacated on substantive grounds:

> [R]emand on procedural grounds may result in yet another denial of benefits, and we might well sustain such a denial on appeal. Accordingly, we hold that an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification. A fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position. Thus, although remand on any ground theoretically may support an award of fees under the EAJA, such an award is not

appropriate when nothing about the specific remand at issue implies a lack of substantial justification.

*DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 727 (6th Cir. 2014); *see also Anderson*, 198 F.3d 244, 1999 WL 1045072, at *4 ("The issue, when considering an award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record.") "[W]here the government defends an ALJ decision that was reached by selectively considering the evidence, its position is not substantially justified." *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) (citing *Howard,* 376 F.3d at 554).

Defendant argues that her position was substantially justified under *DeLong* and *Anderson* because the ALJ's errors identified by the Sixth Circuit were errors of articulation. (Docket no. 40 at 2-6.) Plaintiff argues that under *Howard*, Defendant cannot meet the burden of showing that her position was substantially justified, because the Sixth Circuit found that the ALJ erred by selectively considering the evidence in denying benefits to Plaintiff. (Docket no. 34 at 4-7; docket no. 41 at 2-5.)

In fact, the Sixth Circuit identified both types of errors asserted by the parties. Specifically, the Sixth Circuit found that the ALJ did not provide a sufficient explanation for assigning significant weight to the opinion of Mohammad Azimi, M.D., the non-examining state-agency consultant. *Miller*, 811 F.3d at 834. It also found that the ALJ's assignment of significant weight to Dr. Azimi's opinion was inconsistent with the ALJ's assessment of Plaintiff's RFC. *Id.* The Sixth Circuit further found that the ALJ did not comply with Social Security Ruling 02-1p in considering Plaintiff's obesity because the ALJ's failure to discuss Plaintiff's obesity beyond step two of the sequential evaluation process could not be cured by her

assignment of significant weight to Dr. Azimi's opinion.  *Id*. at 835.  This is because the aforementioned errors committed by the ALJ in assessing Dr. Azimi's opinion left the court unable to determine whether and to what extent the ALJ considered Dr. Azimi's assessment of Plaintiff's obesity.  *Id*.  Additionally, the Sixth Circuit found that the ALJ's focus, or selective reliance, on "choice excerpts" and "isolated, often stale, portions" of the record in discounting three, consistent assessments of Plaintiff's mental RFC was improper and misplaced and that it was an insufficient basis on which to determine that Plaintiff could conduct work activities on a sustained basis.  *Id*. at 837-38.

Accordingly, this is not a case where remand was based solely on a procedural error or ALJ Xenos's failure to sufficiently explain her findings.  The internal inconsistency of the ALJ's decision and the ALJ's "misperceptions" of the record evidence in assessing Plaintiff's mental impairments are substantive errors that cannot be overlooked in light of the binding Sixth Circuit decisions in *Glenn* and *Howard, supra*.  When faced with a similar situation, another court in this district found that "when an ALJ fails to provide an adequate explanation for a conclusion *and* 'selectively consider[s] the evidence in denying benefits,' then 'the Commissioner's decision to defend the administrative law judge's denial of benefits is without substantial justification.'" *Sparr v. Comm'r of Soc. Sec.*, No. 14-cv-11529, 2015 WL 9314469, at *3 (E.D. Mich. Dec. 23, 2015) (Leitman, J.) (quoting *Howard*, 376 F.3d at 554).  Defendant has advanced no argument to show that her position in defending the ALJ's substantive errors had a reasonable basis in law or fact notwithstanding the above-cited precedent.  Accordingly, Defendant has failed to satisfy her burden of showing that her position was substantially justified.

b.      The Timeliness of Plaintiff's Second Motion for EAJA Fees

Plaintiff filed his Second Motion for EAJA fees on January 12, 2017.  (Docket no. 42.)

Plaintiff asserts that the Motion is timely because he filed it within thirty days of the date that

ALJ Turner's November 15, 2016 decision became final.  (*Id*. at 3.)  In response, Defendant

argues that the final judgment in this matter relevant to the issue of timeliness is the January 29,

2016 Opinion and Judgment entered by the Sixth Circuit Court of Appeals, not ALJ Turner's

November 15, 2016 decision.  (Docket no. 46 at 3.)  Specifically, Defendant argues that a final

judgment for purposes of the EAJA means a judgment entered by a court that terminates the civil

action, which, in this civil action, is the Sixth Circuit's Opinion and Judgment, because the Sixth

Circuit remanded the matter pursuant to sentence four of 42 U.S.C. § 405(g) and thereby

terminated the civil action in Plaintiff's favor.  (*Id*. at 4-7.)  Defendant asserts that the Sixth

Circuit's January 29, 2016 Opinion and Judgment became final after the applicable ninety-day

appeal period, and the time for Plaintiff to file a motion for EAJA fees expired thirty days after

that, on May 31, 2016.  (*Id*. at 5.)  Defendant argues that Plaintiff's January 12, 2017 Motion for

EAJA fees is therefore untimely.  (*Id*.)  Plaintiff replies that it is unclear whether the Sixth

Circuit's Opinion and Judgment falls under sentence four or sentence six of § 405(g), so he filed

his first motion for EAJA fees soon after the Sixth Circuit's Opinion and Judgment issued in the

event that it was a remand under sentence four, and he filed his second motion after the ALJ's

final decision on remand in the event that it was a remand under sentence six.  (Docket no. 47 at

1-4.)  Conversely, Plaintiff asserts in both of his motions that "[t]his is a Section 4 remand

because the court did not retain jurisdiction."  (Docket no. 34 at 4; docket no. 42 at 4.)

A party seeking an award of fees and other expenses under the EAJA must submit an application to the court "within thirty days of final judgment in the action."   28 U.S.C. § 2412(d)(1)(B).  The Supreme Court has interpreted the term "final judgment" as follows:

> Congress' use of "judgment" in 28 U.S.C. § 2412 refers to judgments entered *by a court of law,* and does not encompass decisions rendered by an administrative agency. Accordingly, we hold that a "final judgment" for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30–day EAJA clock begins to run after the time to appeal that "final judgment" has expired.

*Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) (emphasis in original).   Accordingly, ALJ Turner's November 15, 2016 decision is not a "final judgment" under the EAJA because it was issued by an administrative agency, not a court of law.   Thus, Plaintiff's contention that his second EAJA motion is timely because he filed it within 30 days after the appeal period for that decision expired necessarily fails.

The issue of whether the Sixth Circuit's January 29, 2016 Opinion and Judgment constitutes a "final judgment" under the EAJA requires further exploration, however, as it depends on what type of remand the Sixth Circuit ordered.  Section 405(g) of the Social Security Act authorizes "two types of remand: (1) a post-judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)."  *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). The fourth sentence of § 405(g) "directs the entry of a final, appealable judgment even though that judgment may be accompanied by a remand order."  *Sullivan v. Finkelstein*, 496 U.S. 617, 629 (1990).  The sixth sentence "describes an entirely different kind of remand."  *Melkonyan*,

501 U.S. at 98 (quoting *Finkelstein*, 496 U.S. at 626)).   When a matter is remanded under sentence six,

> The district court does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding.

*Id*.  "In sentence four cases, the [EAJA] filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Id*. at 102 (citing § 2412(d)(2)(G)).  "In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs." *Id*.

In this case, the Sixth Circuit Court of Appeals found that ALJ Xenos's decision was "flawed in multiple respects" – specifically, the ALJ's assessment of Dr. Azimi's opinion, the ALJ's consideration of Plaintiff's obesity, and the ALJ's evaluation of Plaintiff's mental impairments.  *Miller*, 811 F.3d at 828, 833-38.  The Sixth Circuit also addressed Plaintiff's request for consideration of new treatment records and notes generated after ALJ Xenos's decision, and it agreed with the district court that Plaintiff failed to demonstrate that the evidence was sufficiently material to require remand.  *Id*. at 838-39.  Additionally, the Sixth Circuit addressed the lack of record evidence regarding the identity of James White, a medical source who authored an opinion regarding Plaintiff's mental RFC, by declining to accept the district court's decision to introduce outside evidence to determine Mr. White's identity, and ordering the ALJ on remand to solicit additional evidence from the parties that would allow the ALJ to clarify Mr. White's identity.  *Id*. at 839-40.  The Sixth Circuit then concluded:

10

> Although the ALJ's decision was thorough and thoughtful, the decision's misperceptions of the record and failure to properly follow relevant Social Security rulings and regulations prevent us from concluding that the ALJ's decision is supported by substantial evidence. Nevertheless, the record does not allow us to conclude that the claimant is affirmatively entitled to an award of benefits, despite the prolonged nature of these proceedings. We therefore VACATE the judgment of the district court with instructions to REMAND to the Commissioner for further proceedings consistent with this opinion.

*Id*. at 840.

Plaintiff firmly contends in both his first and second Motions for EAJA fees that the Sixth Circuit remanded this matter pursuant to sentence four. (Docket no. 34 at 4; docket no. 42 at 4.) When faced with Defendant's argument regarding the untimeliness of his second Motion, however, Plaintiff changes course and argues that Defendant incorrectly assumed that this case involves a sentence-four remand and that the nature of the Sixth Circuit's remand order is unclear. (Docket no. 47 at 1-4.) Plaintiff admits that the Sixth Circuit ruled on the correctness of ALJ Xenos's decision, which he asserts is suggestive of a sentence-four remand. But Plaintiff asserts that the Sixth Circuit's Opinion and Judgment also contains elements of a sentence-six remand because the Sixth Circuit remanded with instructions to obtain additional evidence regarding the identity of James White and because ALJ Turner considered newly-generated expert deposition testimony on remand.

Plaintiff's latter argument misses the mark. A sentence-six remand occurs upon a showing to the reviewing court that there is new and material evidence available and that there is good cause for the failure to incorporate that evidence into the record in the prior administrative proceeding. 42 U.S.C. § 405(g). Here, the expert deposition testimony considered by ALJ Turner was not presented to the Sixth Circuit by Plaintiff as a basis for a sentence-six remand. And the Sixth Circuit did not remand on the basis of any new and material evidence regarding

11

James White's identity with which it had been presented; it remanded for the collection of evidence regarding James White's identity.  Moreover, as discussed above, the Sixth Circuit explicitly rejected Plaintiff's request for a sentence-six remand for consideration of treatment records generated after ALJ Xenos's decision because Plaintiff did not demonstrate the materiality of that evidence.  Thus, the Sixth Circuit did not order remand of this matter pursuant to sentence six of § 405(g).

In finding that ALJ Xenos's decision was flawed in multiple respects, the Sixth Circuit explicitly ruled on the correctness of the ALJ's decision.  The Sixth Circuit's Opinion and Judgment is therefore properly characterized a sentence-four remand, and it constitutes a "final judgment" under the EAJA.  Accordingly, Plaintiff was required to file his motion for EAJA fees within thirty days after the ninety-day appeal period of the Sixth Circuit's Opinion and Judgment, or by May 31, 2016.  *See* 28 U.S.C. § 2412(d)(1)(B); *Melkonyan*, 501 U.S. at 96; 28 U.S.C. § 2101(c); Fed. R. Civ. P. 6(a)(1).  Plaintiff timely filed his first motion on February 11, 2016.  Plaintiff filed his second motion on January 12, 2017, over seven months after the filing deadline.  Thus, Plaintiff's Second Motion for Attorney Fees and Expenses Pursuant to the EAJA (docket no. 42) is untimely and should be denied as such.

c.   <u>The Amount of EAJA Fees That Should be Awarded to Plaintiff</u>

Attorney's fees claimed under the EAJA must be reasonable.  *Glass v. Sec'y of Health and Human Servs.,* 822 F.2d 19, 21 (6th Cir. 1987).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The Sixth Circuit has recognized that "the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining

12

a reasonable attorney's fee." *Glass,* 822 F.2d at 21 (citing *Coulter v. State of Tenn.*, 805 F.2d 146, 149 (6th Cir. 1986)).

Plaintiff submitted an itemized schedule of the services that Attorney Ronald D. Glotta and Attorney D. Rick Martin performed on his behalf in connection with this case from 2013 through 2016, which depicts the date of the service, a description of the work involved, and the time expended. (Docket no. 34-4 at 2-5.) Plaintiff also provided a table in his brief that breaks down the total amount of fees that he seeks by year, hourly rate, and hours expended. (Docket no. 34 at 12.) Neither of these two hourly breakdowns specifies the total hours expended or the total dollar amount of fees requested. And after considerable time spent by the court comparing and calculating the figures in the two breakdowns, it is apparent that the total amount of hours expended do not match. Specifically, in the table, Plaintiff states that counsel expended a total of 31.90 hours in 2013, but a calculation of the hours expended in 2013 on the itemized schedule totals 31.4. Similarly, Plaintiff states that counsel spent 82.10 hours on this matter in 2015, when, according to the itemized schedule, counsel purportedly expended 85 hours. Because the itemized schedule provides greater detail of the time expended, the Court presumes that the figures within are correct. Accordingly, from what this Court can discern, Plaintiff seeks a total of $33,631.93 in attorney fees for 177.35 hours of legal work on this matter, broken down as follows:

| Year | Rate | Hours | Total |
|------|------|-------|-------|
| 2013 | $187.02 | 31.40 | $ 5,872.43 |
| 2014 | 190.06 | 53.95 | 10,253.74 |
| 2015 | 190.28 | 85.00 | 16,173.80 |
| 2016 | 190.28 | 7.00 | 1,331.96 |
| | | 177.35 | $33,631.93 |

(*See* docket no. 34 at 12; docket no. 34-4 at 2-5.)

13

i.      *Hourly Rate*

Under the EAJA, reasonable attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  Cost of living adjustments which increase attorney fees above the statutory rate is a matter left to the sound discretion of the district court and should be carefully considered, rather than rubber stamped, when awarding fees under the statute.  *Begley v. Sec'y of Health and Human Servs.*, 966 F.2d. 196, 199-200 (6th Cir. 1992) (citing *Chipman v. Sec'y of Health and Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986)).  The Sixth Circuit "has stressed that 'we think it important that the . . . statutory rate is a ceiling and not a floor' and held that a district court did not abuse its discretion 'in determining that the fees awarded should not exceed [the statutory rate] even though the cost of living may have indeed risen since the enactment of the EAJA.'" *Id.* at 199 (quoting *Chipman* at 547).  In requesting an increase in the hourly rate, Plaintiff bears the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 898 (1984)).  The submission of the Consumer Price Index, standing alone, is not adequate to meet this burden.  *Grooms v. Comm'r of Soc. Sec.*, No. 2:08-14189, 2011 WL 4536886, at *4 (E.D. Mich. Sept. 30, 2011) (citing *Bryant*, 578 F.3d at 450).

Here, to support his request for an increase in the hourly attorney rate, Plaintiff submitted an affidavit from Attorney Glotta that describes his qualifications.  (Docket no. 34-4 at 1.) Plaintiff did not submit an affidavit from Attorney Martin.  Attorney Glotta attests that he has regularly and consistently represented social security claimants since 1967 at all stages of litigation, including the Sixth Circuit Court of Appeals.  (*Id.*)  Attorney Glotta also attests that he has attended numerous seminars related to the representation of social security claimants and that he has been invited to lecture regarding the same.  (*Id.*)  He further attests that his regular hourly rate is $300.00 to $350.00.  (*Id.*)  Plaintiff also submitted a copy of the State Bar of Michigan's 2010 Economics of Law Practice Summary Report (docket no. 34-2) and claims that the $220.00 hourly rate of a "sole practitioner, sharing space" listed within supports his request for a rate increase in this matter (docket no. 34 at 10).  Additionally, Plaintiff has submitted a table of the Ninth Circuit Court of Appeals Statutory Maximum Rates Under the Equal Access to Justice Act for the years 2006 through 2015, adjusted for increases in the cost of living.  (Docket no. 34-3.)

Plaintiff contends that while Attorney Glotta's rate would be $300.00 to $350.00 per hour, "the court can at least accept [and apply] the average" of his attorney's rate and the $220.00 hourly rate of a sole practitioner, sharing space.  (Docket no. 34 at 10.)  Plaintiff also asserts that increases in the cost of living during the pendency of this litigation justify an enhanced attorney fee with an adjustment for inflation.  (*Id.*)  According to Plaintiff, "the combination of the average billing plus cost of living would justify $300.00 to $350.00 an hour." (*Id.*)  Plaintiff then ultimately, and inexplicably, seeks hourly rates of $187.02 for attorney work performed in 2013, $190.06 for work performed in 2014, and $190.28 for work performed in 2015 and 2016, which are the rates promulgated by the Ninth Circuit.  (Docket no. 34 at 12; docket no. 34-3.)

15

The arguments and evidence set forth by Plaintiff in support of an enhanced hourly rate are disjointed and internally inconsistent.  Plaintiff's reasons for initially advocating for an "average" rate between $220.00 and $350.00 but then changing course and seeking rates significantly below that figure are perplexing.  Moreover, Plaintiff does not explain how the $220.00 per hour rate of a "sole practitioner, sharing space" or the EAJA rates promulgated by the Ninth Circuit are "in line with those prevailing in [*this*] community for similar services by lawyers of reasonably comparable skill, experience, and reputation."   *See Bryant, supra* (emphasis added).  Thus, Plaintiff has not provided satisfactory evidence to support his request for a cost of living increase above the statutory rate of $125.00 per hour.

## ii.     Number of Hours

As previously noted, Plaintiff seeks attorney fees for 177.35 attorney hours of legal work on this case.  (Docket no. 34; docket no. 34-4.)  Defendant argues that Plaintiff has not shown that the hours expended by his counsel were reasonable.  (Docket no. 40 at 11-12.)  Specifically, Defendant objects to (1) the hours billed by Plaintiff's counsel stemming from counsel's failure to follow the Federal Rules of Civil Procedure and the applicable court rules; (2) the number of hours expended by Plaintiff's counsel at the district-court level; and (3) the number of hours expended at the appellate-court level.  (*Id.* at 12-26.)  Plaintiff does not address the specific arguments raised by Defendant in this regard; instead, he generally defends the amount of time expended by his counsel by asserting that counsel's work on this matter was "performed on the contingency of victory and therefore require[d] the most consistent and extensive expenditure of time."  (Docket no. 41 at 6.)  He further asserts that the favorable result ultimately attained in this matter is the basis for the time expended.  (*Id.*)

In determining whether attorney hours are reasonably expended in matters such as this, where a prevailing party seeks fees from its adversary, the Supreme Court has provided the following guidance:

> Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Copeland v. Marshall,* 205 U.S.App.D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original).

*Hensley*, 461 U.S. at 434.

Defendant asserts that 26.95 of the hours that Plaintiff's counsel expended on this matter stem from counsel's failure to follow the Federal Rules of Civil Procedure, the rules of this court, and the rules of the Sixth Circuit, and Defendant objects to being billed for any of that time. (Docket no. 40 at 12-16.)  Under *Hensley*, to the extent that Plaintiff's counsel spent time on this matter that would have been unnecessary absent Plaintiff's counsel's errors, that time would not be properly billed to Plaintiff, and it is not properly billed to the government under the EAJA.

Defendant specifically objects to paying fees related to counsel's failure to properly serve Defendant.  (Docket no. 40 at 13.)  With regard to this issue, the docket reflects that the court issued a summons for Defendant on May 22, 2013 (docket no. 6), but Plaintiff took no further action.  Accordingly, on October 3, 2013, the Court ordered Plaintiff to show cause why his case should not be dismissed for failure to serve Defendant in accordance with Federal Rule of Civil Procedure 4(m).  (Docket no. 7.)  A week later, Plaintiff requested and was issued another summons for Defendant (docket no. 8), and after Defendant was served, Plaintiff filed a Response to the Order to Show Cause, which Order the Court subsequently vacated.  (*See* docket

nos. 9, 10, 11.)  Defendant asserts that the following billing entries are related to Plaintiff's counsel's errors in this regard and should not be compensable:

- 10/3/13 – Met with Plaintiff – 1.00 hour
- 10/3/13 – Prepare "Show Cause" and submit – 3.00 hours
- 10/10/13 – Receipt and Review Summons – 1.00 hour
- 10/16/13 – Summons and Complaint Return of Service – 1.00 hour
- 10/17/13 – Receipt and Review Order to Vacate – 0.50 hours

(Docket no. 40 at 13.)  It is not clear if counsel's meeting with Plaintiff was related to the failure to serve Defendant, so the Court will not recommend that these hours be deemed non-compensable on that basis.  It is clear, however, that counsel would not have had to prepare a Response to the Court's Order to Show Cause; request, receive, and review a second summons; or receive and review the Court's Order vacating the order to show cause had Defendant been properly served after the initial summons issued.  Thus, the court should not award fees associated with the 4.5 hours expended on those matters.  Additionally, the hour spent reviewing the three-page Summons and Complaint Return of Service form is unreasonable and should be reduced to 0.1 hours.

In addition, Defendant asserts that the time spent by Plaintiff's counsel related to an Errata that the Court struck pursuant to Local Rule 7.1(b)(2) because Plaintiff did not request leave to file it, the time related to Plaintiff's Motion for Extension of Time to File Response/Reply Brief, and the time spent correcting Plaintiff's appellate brief and appellate reply brief to comply with the Sixth Circuit's briefing requirements should not be compensable. (Docket no. 40 at 14-15.)  Defendant asserts that the following billing entries are implicated with regard to the challenged activities:

- 4/6/14 – Prepare Errata with Research – 5.00 hours
- 4/10/14 – Filed Errata – 0.50 hours
- 2/15/15 – Receipt and Review Text only order to Strike Errata – 0.50 hours

18

- 4/15/14 – Prep Motion to Extend Time – 1.75 hours
- 4/15/14 – Phone conference with Plaintiff – 0.50 hours
- 4/17/14 – Filed Motion to Extend Time – 0.50 hours
- 4/18/14 – Receipt and Review text only [order] Granting extension of time – 0.20 hours

- 5/7/15 – Receipt and Review letter from 6th Circuit – 0.50 hours
- 5/8/15 – Reviews and correct brief – Submit – 4.50 hours
- 5/8/15 – Phone conference with Plaintiff – 0.50 hours

- 8/20/15 – Receipt and Review Briefing letter – 0.50 hours
- 8/20/15 – Revise and Correct Brief – 4.50 hours
- 8/21/15 – Submit Reply – 1.50 hours

Again, at this juncture, the Court declines to recommend the denial of fees for the time that Plaintiff's counsel spent conferring with Plaintiff because it is not clear whether the telephone conferences are related to Plaintiff's counsel's failure to follow the court rules. But the Court agrees that the time spent by counsel preparing and filing an Errata without leave of court, moving for an extension of time to file a reply brief, and correcting briefing errors committed not once but twice at the appellate-court level were not reasonably expended and therefore are not properly charged to Defendant. *See Wright v. Astrue*, No. 06-13252, 2008 WL 878795, at *3 (E.D. Mich. Mar. 28, 2008) ("[T]he time that Plaintiff's counsel devoted to file an extension of time and review the order of the Court granting the extension because of an inability to meet filing deadlines is not properly billed to the government.") Thus, it is recommended that Plaintiff's EAJA fee award be reduced by the 19.95 hours that it purportedly took Plaintiff's counsel to complete those tasks.

Next, Defendant asserts that the hours expended by Plaintiff's counsel at the district-court level and the appellate-court levels are excessively unreasonable and/or are related to administrative or clerical tasks that are not compensable under the EAJA. (Docket no. 40 at 16-26.) Twenty to forty hours is generally a reasonable amount of time to expend on a Social

19

Security appeal in this district.  *Coates v. Colvin*, No. 12-cv-13900, 2014 WL 1389328, at \*4-5 (E.D. Mich Apr. 9, 2014 (citing *Crim v. Comm'r of Soc. Sec.*, No. 1:11-cv-137, 2013 WL 1063476, at \*12 (S.D. Ohio Mar. 14, 2013)).  *See also Glass*, 822 F.2d at 20; *Hayes v. Sec'y of Health and Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990).  But "the mere fact that it takes an attorney more than 40 hours to complete work on a Social Security case does not mean that it is per se unreasonable and warrants a reduction."  *Grooms*, 2011 WL 4536886, at \*3.  According to the Court's calculation, Plaintiff's counsel expended 105.05 hours on Plaintiff's case at the district-court level and 72.30 hours on Plaintiff's case at the appellate-court level.  (*See* docket no. 34-4 at 2-5.)  Defendant argues that there are no extraordinary circumstances in this case that justify billing the government for more than twice the high end of the range of reasonable hours.  (Docket no. 40 at 16.)  Defendant expounds that Plaintiff's counsel, by his own representation, "is a highly experienced Social Security disability attorney who has represented social security claimants regularly and consistently since 1967;" the issues in this case were routine; the transcript in this matter was only 573 pages; and Plaintiff's counsel was already familiar with the record prior to the district-court proceedings because he also represented Plaintiff at the administrative level.  (*Id*. at 16-17.)  In light of the number of hours purportedly expended by Plaintiff's counsel and the fact that Defendant specifically challenges approximately eighty percent of the 121 billing entries listed by Plaintiff's counsel, a detailed review is necessary.

Defendant contends that the court should not award Plaintiff attorney fees associated with tasks that are clerical or administrative in nature.  (Docket no. 40 at 18.)  In support, Defendant submits that "[p]urely clerical tasks are not compensable under the EAJA."  (*Id.* (citing *Justice v. Colvin*, No. 5:14-286-DCR, 2015 WL 4529118, at \*3 (E.D. Ky. July 27, 2015) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989))).)  On this basis, Defendant challenges the following

billing entries at the district- and appellate-court levels as non-compensable administrative or clerical tasks:

- 4/18/13 – Receipt & Review letter from clerk – 0.30 hours
- 5/7/13 – Receipt and Review Order to Proceed – 0.45 hours
- 12/24/13 – Receipt and Review Scheduling Order – 0.50 hours
- 3/3/14 – Receipt and Review Amended Scheduling Order – 0.30 hours
- 4/1/14 – Receipt and Review text only order Granting extension of time – 0.30 hours
- 4/24/14 – Submit Response – 0.50 hours
- 10/3/14 – Receipt and review text only [order] Reassigning District Judge – 0.20 hours
- 2/12/15 – Receipt and Review text District Judge Reassignment – 0.20 hours

- 4/1/15 – Telephone conference with 6th Circuit – 1.50 hours
- 4/6/15 – Receipt and Review Civil Case Docket – 0.50 hours
- 4/6/15 – Receipt and Review Briefing Schedule – 0.50 hours
- 4/25/15 – Receipt and Review Appearance of Defendant – 0.50 hours
- 4/8/15 – Receipt and Review IFP Acceptance – 0.50 hours
- 5/6/15 – Brief Submitted to 6th Circuit – 1.50 hours
- 6/19/15 – Receipt and Review – Resetting Briefing Schedule – 0.30 hours
- 7/20/15 – Receipt and Review letter resetting schedule – 0.30 hours
- 8/20/15 – Submit Reply Brief – 1.50 hours

In *Jenkins*, the Supreme Court noted that it is important to distinguish between legal work, in the strict sense, and clerical work that can often be performed by non-lawyers, but which a lawyer may do because he has no other help available. 491 U.S. at 288 n.10 (citation omitted). The Court stated that the dollar value of clerical work is not enhanced just because a lawyer does it. *Id*. On this and similar precedent, several courts in this circuit have held that clerical tasks that do not require legal knowledge, like filing motions, preparing and reviewing summonses, reading and reviewing court notifications and emails, and receiving and filing correspondence, are not compensable under the EAJA. *See, e.g. Justice, supra*; *McCole v. Comm'r of Soc. Sec.*, No. 1:14 CV 1037, 2015 WL 6437209, at *4 (N.D. Ohio Oct. 20, 2015); *French v. Colvin*, No. 3:14-CV-138-PLR-HBG, 2015 WL 4496184, at *3-4 (E.D. Tenn. July 20, 2015); *Pierce v. Astrue*, No. 3:10cv00349, 2012 WL 4471155, at *1 (S.D. Ohio Sept. 26,

2012), *report and recommendation adopted*, No. 3:10CV00349, 2012 WL 4959438 (S.D. Ohio Oct. 17, 2012); *Ralston v. Astrue*, No. 09-cv-14790, 2011 WL 7299836, at *6 (E.D. Mich. Aug. 30, 2011), *report and recommendation adopted*, No. 09-CV-14790, 2012 WL 479831 (E.D. Mich. Feb. 14, 2012).

The majority of the above-listed tasks challenged by Defendant are properly characterized as the types of "purely clerical" tasks rejected by other courts as non-compensable under the EAJA. The only task that is not necessarily clerical is the telephone conference with the Sixth Circuit, but as Defendant points out, Plaintiff has provided no information regarding the purpose or content of the conference call, either in his Motion or in the face of Defendant's instant argument. In fact, Plaintiff has not responded to Defendant's argument to show that any of the above-listed hours expended or fees related thereto are otherwise reasonable. Accordingly, the total number of hours expended by Plaintiff's counsel should be reduced by the 2.75 and 7.10 hours spent on clerical tasks in this case at the district- and appellate-court levels, respectively.

Defendant also objects to the following individual billing entries as unreasonable, each of which the Court will address in turn:

- 4/18/13 – Review of courts Notice re: IFP fee – 1.00 hour. Defendant submits that no more than 0.10 hours is reasonable for reviewing this one-page notice from the court. (*See* docket no. 2.) The Court agrees and recommends that this billing entry be reduced accordingly.

- 12/16/13 – Receipt and Review Defendant's Answer – 3.25 hours. Defendant's Answer is a three-page document that contains only one page of substantive, routine text. The amount of time purportedly spent by Plaintiff's counsel in reviewing this document is extremely excessive. This billing entry should be reduced by 3 hours to 0.25 hours.

- 12/16/13 – Receipt and Review Transcript – 7.50 hours. Defendant asserts that this amount of time is unreasonable and duplicitous in light of the fact that Plaintiff's counsel also represented Plaintiff at the administrative level and was therefore well-familiar with the record in this matter. Defendant submits that "no more than 2 hours is reasonable for

an experienced Social Security attorney who represented the claimant throughout administrative proceedings to simply review a transcript of those proceedings at the district court stage." (Docket no. 40 at 20.) Defendant's argument is persuasive, but a thorough review of the 573-page transcript to formulate arguments for summary judgment could reasonably take more than the two hours suggested by Defendant. It is recommended that this billing entry be reduced to a reasonable 3.50 hours.

- 2/28/14 – Receipt and Review Notice of Appearance – 0.20 hours. This billing entry represents time for a clerical task and should be rejected as non-compensable.

- 2/28/14 – Receipt and Review Defendant's Motion to Extend – 0.30 hours and
  3/31/14 – Receive and Review ExParte Motion – 0.30 hours
  These two five-page motions consist of two and a half pages of substantive text regarding simple requests for extensions of time. Each of these billing entries should be reduced by half to 0.15 hours each.

- 4/29/15 – Telephone call from P. Sugameli Attorney for Dr. James White – 1.50 hours. Defendant asserts that the only purpose for this telephone call was to identify the medical credentials of James White and that 0.2 hours should have been more than sufficient for such a call. (Docket no. 40 at 24.) Defendant's argument holds some merit – if the medical credentials were the only purpose for the call. But there could reasonably have been other purposes for the call, which the Court declines to dissect. The hours billed for this task should stand.

- 4/30/15 – Prep Appeal Brief; Review 882 page transcript – 10.00 hours. Defendant asserts that the transcript, with which Plaintiff's counsel was already well-familiar, was actually only 573 pages, and the purported time expended for this task should be reduced accordingly. The Court recommends that the number of hours for this task be reduced by 1.00 hour.

- 8/6/15 – Receipt and Review letter from 6th Circuit – 0.30 hours and
  8/7/15 – Review Revised Appellee Brief – 1.50 hours
  Defendant explains that these two entries relate to Plaintiff's counsel's review of the Sixth Circuit's letter notifying Defendant that she needed to correct the cover page of her brief with the official caption and Plaintiff's counsel's review of Defendant's corrected brief. Defendant argues that it is "unreasonable for Plaintiff's counsel to bill 1.8 hours for reviewing an issue concerning the case caption on the cover of the Commissioner's brief; 0.2 hours should have been sufficient." (Docket no. 40 at 25.) The Court agrees. Each of these billing entries should be reduced to 0.1 hours each.

- 10/21/15 – Receipt and Review Brief on set date – 0.50 hours. Defendant objects to this billing entry on the basis that there was no brief submitted on this date, and Plaintiff's counsel does not explain why it was necessary to review a brief over two months after the last briefing submission in this matter. (Docket no. 40 at 25.) A review of the Sixth Circuit's docket in this matter reveals that the court issued a letter on this date notifying counsel of its determination that oral argument was not necessary and that the matter

23

would be submitted to the court on the briefs of the parties on December 9, 2015.  The billing entry at issue is presumably related to counsel's review of this short letter and should be reduced to a reasonable time of 0.10 hours.

- 1/29/2016 – Receipt and Review 20 page 6th Circuit Opinion and Order Vacating District Court for remand to SS – 3.00 hours.  Defendant argues that the opinion was only 18 pages long, which means that Plaintiff's counsel purportedly and unreasonably took over 10 minutes to read each page.  (Docket no. 40 at 26.)  Indeed, even if Plaintiff's counsel conducted an in-depth review of the Sixth Circuit's Opinion, 3.00 hours is an excessive amount of time for an attorney with Plaintiff's counsel's experience to conduct such a review.  This billing entry should be reduced to a generously reasonable time of 2.00 hours.

Defendant further objects to the amount of time that counsel spent conferring and meeting with Plaintiff over the course of this case, particularly during periods of little activity.  Specifically, Defendant objects to (1) 4.50 hours billed by counsel for five telephone conferences and two meetings between the filing of the Complaint in April 2013 and the filing of Defendant's Answer in December 2013; (2) 2.00 hours spent conferring with Plaintiff in March and April 2014; (3) 9.85 hours of attorney time for nineteen separate telephone calls, meetings, and conferences with Plaintiff between April 24, 2014 and February 17, 2015, where the only activity in this matter was the two text-only orders regarding reassignment of the District Judge; and (4) 4.00 hours of time spent for seven conferences with Plaintiff between September 2015 and January 2016, where the only activity during this time was the Sixth Circuit's October 2015 letter notifying counsel that it would issue its ruling on the briefs.

An independent review of the itemized billing schedule submitted by Plaintiff reveals that counsel conferred with Plaintiff either in person or via telephone 49 times for a total of 31.65 hours during the pendency of this matter at the district- and appellate-court levels, which spanned just short of three years.  (*See* docket no. 34-4 at 2-5.)  It is not the Court's role or desire to scrutinize the manner or frequency in which Plaintiff's counsel manages his client

24

relationships. Nevertheless, the majority of counsel's conferences with Plaintiff occurred either monthly or semi-monthly for 30 to 60 minutes at a time during periods of little to no activity in this matter, *i.e.*, during which periods no more than a brief status update would have been necessary. Neither Plaintiff nor Plaintiff's counsel provides an explanation regarding the reasonableness of the 31.65 hours billed for the 49 conferences, so Plaintiff has failed to meet his burden in this regard. And without such an explanation, the Court finds that the frequency and length of the conferences, particularly during the periods of no activity, was excessive. Therefore, it is recommended that the 31.65 hours counsel spent conferring with Plaintiff be reduced by 25% to 23.75 hours.

Lastly, Defendant objects to the 48.75 hours billed by Plaintiff's counsel for conducting legal research, preparing Plaintiff's motion and brief in support of summary judgment, reviewing Defendant's cross-motion and brief, preparing Plaintiff's reply brief, reviewing the Report and Recommendation, preparing objections thereto, reviewing Defendant's objections, and reviewing the district court's seven-page Order. (Docket no. 40 at 22.) Defendant points out that the time expended for these activities alone are greater than the high end of the 20-40 hour range recognized as reasonable by the Sixth Circuit for work on Social Security appeals at the district-court level. (*Id*. at 22-23.) Defendant argues that the amount of time expended is "unreasonable for a routine Social Security appeal, with routine issues, litigated by an attorney with extensive experience representing Social Security claimants who represented Plaintiff throughout the administrative proceedings." (*Id*. at 23.) As noted above, Plaintiff's general argument in response is that the favorable result achieved by Plaintiff's counsel is the basis for the time expended. (*See* docket no. 41 at 5-6.)

Plaintiff's argument is unconvincing and unsupported.  A favorable result does not necessarily correlate with or justify the number of attorney hours expended on a matter – especially when the number of hours is unreasonable.  Again, Court is not inclined to scrutinize every billing entry challenged by Defendant in this regard.  Nevertheless, the time spent by Plaintiff's counsel on the following the tasks is plainly excessive:  (1) review of the Court's 22-page Report and Recommendation – 3.00 hours; (2) review of Defendant's objections to the Report and Recommendation (which consist of 2 pages of substantive text) – 2.00 hours; and (3) review of the court's 7-page Order – 2.00 hours.  It is therefore recommended that the billing entries for these tasks be reduced to 2.00 hours, 0.25 hours, and 0.50 hours, respectively.

To summarize, it is recommended that Plaintiff's request for attorney fees for 177.35 attorney hours of legal work be denied with respect to 59.75 of those hours and that Plaintiff be awarded attorney fees for only 117.60 attorney hours of legal work.

### iii.    Expenses

Plaintiff also seeks $490.08 for the expenses he incurred in pursuing his claim for disability from June 2008 through February 2016.  (Docket no. 34 at 12-14.)  But fees and expenses incurred in administrative proceedings conducted prior to the filing of a civil action are not compensable under 28 U.S.C. § 2412.  *See Melkonyan*, 501 U.S. at 94.  Accordingly, for purposes of the instant EAJA Motion, Plaintiff should only be awarded the expenses he incurred on or after April 18, 2013, the date the Complaint was filed.  (*See* docket no. 1.)  Plaintiff's schedule of expenses indicates that Plaintiff incurred charges of $104.10 on May 2, 2014, $41.90 on April 15, 2015, and $100.00 on February 3, 2016, all for the use of the court's electronic records access service, PACER.  Plaintiff should therefore be awarded $246.00 in expenses.

For the reasons discussed above, the undersigned recommends that Plaintiff's first Motion for Attorney Fees and Expenses Pursuant to the EAJA (docket no. 34) be GRANTED IN PART and that Plaintiff be awarded (1) $14,700.00 in attorney fees based on 117.60 hours of attorney work at the rate of $125.00 per hour; and (2) $246.00 in expenses, for a total award of $14,946.00.

2.       *42 U.S.C. § 406(b) Fees*

Next, the Court considers Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b).  (Docket no. 43.)  Under 42 U.S.C. § 406(b)(1)(A),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The Sixth Circuit has held that "attorneys are entitled to a 'reasonable fee' for work done before the administrative tribunal.  For work done before the court, a claimant's attorney is entitled to a reasonable fee 'not in excess of 25 percent' of the total past-due benefits awarded by the court."  *Horenstein v. Sec'y of Health and Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994).  "[E]ach tribunal may award fees only for the work done before it. . . . [I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee–limited to 25 percent of past-due benefits–for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings."  *Id.*

27

On April 17, 2008, Plaintiff entered into a contingency fee agreement with the law firm of Glotta and Associates, P.C., for representation in this court.  (Docket no. 43-1.)  The fee agreement states that "if [Plaintiff's] case is taken to the Federal Court, a fee of 25% of past due benefits will be charged for that representation."  (*Id*. at 2.)  The agreement further states that "[t]he law firm will attempt to collect its fee through EAJA and any fee collected under that Act will be deducted from the 25% of past due benefits for Federal Court representation."  (*Id.*)

The Supreme Court has clearly upheld contingent fees in this situation, holding that "[section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002).  The Court may consider the reasonableness of the fee pursuant to *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989).  In *Rodriquez*, the Sixth Circuit held that the Court should "begin by using twenty-five percent of the past due benefits as a benchmark. . . . [T]he legislature has drafted the fee provision so that there is a cap of twenty-five percent of the past due benefits allowed for recovery and has inserted the requirement that the court must determine the 'reasonableness' of the award up to that maximum."  *Id.* at 746. Next, that court should "look to whether a fee agreement has been executed by the claimant and the claimant's attorney.  When two parties enter into such an arm's length agreement, due deference should be given to this expression of the intentions of the parties."  *Id.*  "The court should give close attention to the agreement between attorney and client.  In the event the court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons therefore."  *Id.*

The *Rodriquez* court held that deductions for section 406(b) requests should generally fall into two categories.  *See id.*  First, "those occasioned by improper conduct or ineffectiveness of

counsel" and second, "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*; *see also Royzer v. Sec'y of Health and Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (applying *Rodriquez*). "[A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990), *as clarified on reh'g* (Jan. 23, 1991) (footnotes omitted). In considering the "standard rate" for Social Security appellate work in this market, courts in this district have relied on the 95th percentile figure for hourly billing rates for public benefits attorneys as reported by the State Bar of Michigan, which was reported at $395.00 during the representation of Plaintiff in federal court. *See Sykes v. Comm'r of Soc. Sec.*, No. 12-14874, 2015 WL 7008572, at *5 (E.D. Mich. Nov. 12, 2015) (Lawson, J.) (citing State Bar of Michigan, Economics of Law Practice in Michigan, at 11 (2014), http://www.michbar.org/pmrc/articles/0000152.pdf.) (finding hypothetical rate of $620.54 per hour to be reasonable); *see also Drenning v. Comm'r of Soc. Sec.*, No. 12-13470, 2014 WL 4705113, at *4 (E.D. Mich. Sept. 21, 2014) (Cook, J.) ($691 per hour).

The Court finds first, that counsel was not ineffective in this matter; to the contrary, Plaintiff's attorneys secured his award of benefits. Second, the Court finds that a windfall would not occur in this matter if the requested fees were awarded. Plaintiff's attorneys are experienced and established social security attorneys; notably, Attorney Glotta has over fifty years of experience in representing Social Security claimants at all stages of litigation, including the Sixth Circuit Court of Appeals; he has attended numerous seminars related to the representation of

Social Security claimants; and he has been invited to lecture regarding the same. (*See* docket no. 43-3 at 2.) Moreover, Attorney Glotta asserts that 228.25[1] attorney hours were spent on this matter at the federal-court level and informs that Plaintiff was awarded $81,369.75 in past-due benefits. (Docket no. 43 at 1; docket no. 43-3 at 5-9.) Twenty-five percent of those past-due benefits, $20,342.44,[2] when divided by 228.25 hours of work, would be equivalent to an hourly rate of approximately $89.00, which, under *Hayes*, is reasonable and not a windfall. Furthermore, Plaintiff does not contest the amount of attorney fees requested by his counsel. Accordingly, it is recommended that attorney fees be awarded to Plaintiff's counsel in the amount of $20,342.44 under 42 U.S.C. § 406(b).

"Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796. Here, the EAJA fee is the smaller of the two fees recommended in this matter. And because neither the EAJA fee nor the § 406(b) fee has been awarded at this juncture, there is no need refund the amount of the smaller fee to Plaintiff as directed by *Gisbrecht*. Accordingly, the $14,946.00 EAJA fee should be paid directly to Plaintiff to offset the $20,342.44 § 406(b) fee, which should be paid directly to Plaintiff's counsel.

---

[1] This figure is greater than the 177.35 hours in Plaintiff's Motion for EAJA fees because it includes the time spent by counsel relative to the three instant motions for attorney fees. The reasonableness of the hours expended is not a consideration in motions for attorney fees brought under 42 U.S.C. § 406(b).

[2] Throughout the instant Motion, Attorney Glotta asserts that $27,123.25 constitutes twenty-five percent of Plaintiff's past-due benefits, and moves for an award in that amount. But while the Social Security Administration withheld $27,123.25 from Plaintiff's past-due benefits in order to pay any attorney fees (*see* docket no. 43-2 at 15), $27,123.25 is actually thirty-three percent of Plaintiff's $81,369.75 in past-due benefits. As stated above, Plaintiff's counsel is only entitled to twenty-five percent of Plaintiff's past-due benefits, in the amount of $20,342.44.

III.    **CONCLUSION**

For the reasons stated herein, the court should (1) **GRANT IN PART** Plaintiff's first Motion for Attorney Fees and Expenses Pursuant to the EAJA (docket no. 34), and award Plaintiff $14,946.00 in attorney fees and expenses; (2) **DENY** Plaintiff's second Motion for Attorney Fees and Expenses Pursuant to the EAJA (docket no. 42); and (3) **GRANT IN PART** Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (docket no. 43), and award counsel $20,342.44 in attorney fees.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated:  September 17, 2018          s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  September 17, 2018          s/ Leanne Hosking
                                    Case Manager

32